IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:10-869-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Tymon James Wells, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises nine (9) Grounds for Relief. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

Defendant was indicted in 2010 for felon in possession of a firearm (18 U.S.C. § 922(g)) (Count 1); possession with intent to distribute marijuana, cocaine, and "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D) (Count 2); and using, carrying, brandishing and discharging a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3).[1]

After entering a plea of not guilty, Defendant proceeded to trial. On March 9, 2011, the court granted Defendant's motion for directed verdict relating to the possession with intent to distribute cocaine charge contained in Count 2. On March 11, 2011, the jury returned a verdict of guilty on

---

[1] A superseding indictment was later returned which expanded the time period covering Count 1, but no other substantive counts were added.

Counts 1 and 3 of the superseding indictment, as well as the possession of marijuana with intent to distribute portion of Count 2. The jury was unable to reach a verdict on the possession with intent to distribute "crack" cocaine portion of Count 2; accordingly, a mistrial on that portion of Count 2 was declared.

Defendant filed a post-trial motion for judgment of acquittal or in the alternative for new trial on Counts 2 and 3. The Government responded in opposition and the motion was denied. The Government chose not to retry Defendant on the portion of Count 2 relating to cocaine distribution and the matter was set for sentencing.

A Presentence Report (PSR) was prepared and Defendant, through counsel, filed objections to the PSR. At sentencing, the court overruled Defendant's objections, and sentenced him to 120 months' imprisonment on Count 1, 42 months' imprisonment on Count 2,[2] and 120 months' imprisonment on Count 3, with all sentences to run consecutively to each other for a total sentence of imprisonment of 282 months.

Defendant filed a Notice of Appeal to the Fourth Circuit Court of Appeals. On December 22, 2011, Defendant's convictions and sentences were affirmed. *See United States v. Wells*, 459 F. App'x 243 (4th Cir. 2011), *cert. denied*, 568 U.S. ___, 133 S. Ct. 202 (2012).

On September 27, 2013, Defendant placed the current motion for relief in the prison mail system. See ECF No. 185-2 at 2. Accordingly, it is deemed filed as of that date. *Houston v. Lack*, 487 U.S. 266 (1988).

---

[2]The Government moved to dismiss the portion of Count 2 which related to "crack" cocaine.

## II. STANDARD

Defendant raises nine (9) claims for relief, eight (8) of which allege he received ineffective assistance of counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). Indeed, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' . . . and . . . the 'burden to show that counsel's performance was deficient' requests squarely on the defendant." *Burt v. Titlow*, 571 U.S. __, 134 S. Ct. 10, 17 (2013) (citations omitted).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. *See also McHone v. Polk*, 392 F.3d 691, 704 (4th Cir. 2004) (noting that

when a defendant "fails to demonstrate sufficient prejudice from certain acts or omissions" a court "need not decide whether counsel's performance in those respects was, in fact, deficient under *Strickland*"). In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)."'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)); *see also Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) ("Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and [the court] must accord counsel the presumption that he decided which issues were most likely to afford relief on appeal.") (quotation and citation omitted). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable

4

failure to include a particular issue on appeal, he would have prevailed on his appeal. *See id.* at 285-86.

### III. DISCUSSION

#### A. GROUNDS ONE, THREE AND FOUR – RESTORATION OF CIVIL RIGHTS

Defendant's third Ground for Relief contends he is actually innocent of Count 1 because his right to possess a firearm was restored upon completion a sentence of incarceration for an unspecified State of South Carolina conviction. Defendant's first and fourth Grounds for Relief argue that he received ineffective assistance of counsel when counsel failed to move to dismiss Count 1 (Ground One) and when appellate counsel failed to make this argument on appeal (Ground Four).

These arguments are without merit. Not only had Defendant's right to possess a firearm not been restored pursuant to South Carolina law,[3] he had a federal felony conviction in 2005 for theft of firearms and ammunition from a licensed firearms dealer in 2005. *See United States v. Wells*, DSC Cr. No. 0:05-493-MJP. Accordingly, Defendant is not actually innocent of the felon-in-possession charge in Count 1.

Accordingly, the Government is entitled to summary judgment on Grounds One, Three, and Four, and they are dismissed with prejudice.

---

[3]To determine whether Defendant's right to possess a firearm was restored upon discharge of his sentence, this court examines the whole of South Carolina law. *United States v. McLean*, 904 F.2d 216, 218 (4th Cir. 1990). South Carolina automatically restores the right to register to vote and the right to vote upon discharge of a sentence. *See* S.C. Code Ann. § 7–5–120(B)(2). However, other South Carolina civil rights, including the right to gun possession and/or ownership, are only restored via a pardon obtained from the South Carolina Department of Probation, Parole, and Pardon Services. *Brunson v. Stewart*, 547 S.E.2d 504 (S.C. Ct. App. 2001); S.C. Code Ann. § 24–21–930.

**B. GROUND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant's second Ground for Relief contends he received ineffective assistance of counsel because counsel "failed to move the sentencing court to render a statutory punishment on the gun conduct that carries the less [sic] amount of time." Mot. at 6. Defendant appears to argue the jury's verdict was ambiguous because the verdict form indicated the jury found him guilty of "possession," "using or carrying," "brandishing," and "discharging" a firearm, and that counsel was ineffective at sentencing in failing to raise this argument.

Defendant's arguments are without merit. The jury's verdict contains no ambiguity: the jury determined beyond a reasonable doubt that Defendant had not only possessed, but also had used, carried, brandished, and discharged a firearm at law enforcement officers during the execution a search warrant on February 3, 2010.

Accordingly, counsel was not ineffective in failing to argue for "a statutory punishment" on this count of conviction. The Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

**C. GROUND FIVE – INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

Defendant's fifth Ground for Relief argues that appellate counsel was ineffective when counsel failed to raise the validity of the search warrant's probable cause determination on appeal. Specifically, Defendant argues that appellate counsel was ineffective in failing to argue that probable cause did not exist for issuance of the warrant as law enforcement officers did not see the confidential source enter the residence and purchase drugs from Defendant.

To show prejudice on this claim, Defendant must establish a reasonable probability that, but for his counsel's alleged unreasonable failure to include this issue on appeal, he would have

prevailed on appeal. *See Smith v. Robbins*, 528 U.S. at 285-86. Defendant argues that he would have prevailed on appeal because "there was no evidence of a controlled buy[,]" Traverse at 10 (ECF No. 205), and therefore a challenge to the search warrant on these grounds would have been successful.

Defendant makes no showing that had counsel raised the argument Defendant now presents, his appeal would have been successful. For this reason, and for the reasons presented by the Government in opposition to Defendant's § 2255 motion relating to this Ground, the Government is entitled to summary judgment on this Ground for Relief and it is dismissed with prejudice.

### D. GROUND SIX – INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Defendant's sixth Ground for Relief contends that appellate counsel was ineffective in failing to argue that the confidential informant was given an "impermissibly suggestive" photograph array. Memo. in Support at 14 (ECF No. 185-1).

This issue was raised by Defendant in his motion to suppress and it was decided against him. Defendant's conclusory assertions regarding appellate counsel's alleged ineffectiveness in failing to raise this issue on appeal fail to establish that had counsel included this argument on appeal, the results of the appeal would have been different. Therefore, Defendant cannot establish any prejudice resulting from counsel's failure to include this argument on appeal.

The Government is entitled to summary judgment on this Ground for Relief and it is dismissed with prejudice.

### E. GROUND SEVEN – INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Defendant's seventh Ground for Relief contends appellate counsel was ineffective in failing to challenge the issuance of the search warrant by Ministerial Recorder Delores Williams. This

ground is without merit. The search warrant issued in this case was a state search warrant, and under South Carolina law, Williams had the authority to issue the warrant. S.C. Code Ann. § 14-25-115.

The Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### F.  GROUNDS EIGHT AND NINE– INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL

Defendant's eighth and ninth Grounds for Relief relate to the audio recording of the controlled buy (Ground Eight) and requiring the Government to reveal the identity of the confidential informant (Ground Nine). Defendant argues that counsel (both trial and appellate) were ineffective in failing to require the Government to turn over the audiotape and in failing to challenge the court's ruling relating to disclosure of the identity of the confidential informant.

For the reasons presented by the Government in its opposition to Defendant's motion, with which this court agrees and adopts as its findings, these Grounds are without merit. Accordingly, the Government is entitled to summary judgment on Grounds Eight and Nine, and they are dismissed with prejudice.

### IV.  CONCLUSION

For the above-discussed reasons, the Government's motion for summary judgment is **granted** and Defendant's motion for relief under 28 U.S.C. § 2255 is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 5, 2014