IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:10-869-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Tymon James Wells, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to Rule 60(b)(6). ECF No. 216. Defendant contends he is entitled to relief as the court's consideration of his motion for relief under 28 U.S.C. § 2255 was "fundamentally flawed." Mot. at 8. Defendant argues that counsel failed to argue "the significance of *Jones v. United States*, 526 U.S. 227 (1999)," *id.* at 8-9, and that the affidavits in this case relating to Defendant's § 2255 motion "leave[ ] no doubt that counsel was incorrect and the proceedings were fundamentally flawed." *Id.* at 8.

To the extent this motion is a proper motion for relief under Rule 60(b)(6), Defendant fails to present evidence or argument which would lead this court to find its earlier ruling was error. Not only did Defendant fail to present any argument in his § 2255 motion or his reply to the Government's motion for summary judgment relating to *Jones*, the error found in *Jones* was not present in Defendant's case. The jury specifically found that Defendant possessed, used or carried, brandished, and discharged a firearm during the drug trafficking crime for which he was convicted in Count 2. *See* Jury Verdict, ECF No. 102.

To the extent Defendant's motion is a proper Rule 60(b)(6) motion, it is **denied**.

Defendant's motion is, in reality, a second motion for relief under 28 U.S.C. § 2255 and is successive in nature. Defendant's failure to secure permission to file a second or successive motion

1

in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 6, 2015