IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:10-869-CMC |
| v. | |
| Tymon Wells, | Opinion and Order |
| Defendant. | |

Defendant has filed a motion contending he is entitled to relief pursuant to the recent Supreme Court decision in *Rehaif v. United States*, __ U.S. __, 139 S.Ct. 2191 (2019). ECF No. 237. The Government has filed a motion for summary judgment and a response in opposition, arguing Defendant's motion is successive and he has not received permission to file such a motion from the Fourth Circuit. ECF Nos. 239, 240.

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on September 30, 2013. ECF No. 185. After full briefing, the court granted the Government's motion for summary judgment and the § 2255 motion was dismissed with prejudice. ECF No. 206.

Defendant filed a *pro se* motion for appointment of counsel for assistance with a *Rehaif* motion and a motion under § 404 of the First Step Act. ECF No. 232. The court granted the motion for appointment of counsel as to the *Rehaif* claim only (ECF No. 234), and counsel filed a supplemental motion (ECF No. 237). Although counsel entitled his filing a "supplemental motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," a challenge to Defendant's conviction under *Rehaif* is necessarily one under § 2255. In addition, counsel states Defendant moves for compassionate release; however, Defendant's *pro se* motion only mentioned § 404 of

the First Step Act, which the court denied as Defendant was not convicted of a crack cocaine offense.  *See* ECF No. 234.

The current motion is a successive § 2255 motion.  Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court.  Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). *See also*   Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").  This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional.  Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.  Because the District Court has no jurisdiction, this court is unable to reach the merits of Defendant's motion.

Accordingly, for the above reasons, this motion is **dismissed**.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

September 14, 2020

---

[1] Defendant has also filed two *pro se* motions, one to supplement his § 2255 motion (ECF No. 241) and another to appoint new counsel (ECF No. 242).  His motion to supplement seeks to add a claim regarding the search warrant and probable cause, and he seeks new counsel because he cannot get in touch with his appointed counsel.  However, as noted above, Defendant's motion, construed as one under § 2255, is successive, and therefore new grounds cannot be added without permission from the Fourth Circuit.  In addition, there is no legal argument to be made that the motion is not successive.  Therefore, these additional motions are denied.

3